| ANTHONY GOBUZZI AND DAWN MALASOVICH | * | NO. 2024-CA-0101 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| EARNEST BROWN, HUTTIG BUILDING PRODUCTS, | * | FOURTH CIRCUIT |
| MICHAEL BEALS, ACE AMERICAN INSURANCE | | STATE OF LOUISIANA |
| COMPANY, AND GEICO INSURANCE COMPANY | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-02529, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Chief Judge Roland L. Belsome**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Daniel L. Dysart,
Judge Dale N. Atkins)

**ATKINS, J., CONCURS IN THE RESULT.**

Scott R. Samuel
SAMUEL & COLEMAN, LLC
3421 N. Causeway Blvd., Suite 201
Metairie, LA 70002

  COUNSEL FOR PLAINTIFF/APPELLANT

Lauren B. Dietzen
Eric Winder Sella
Jennifer C. Voss
PLAUCHE MASELLI PARKERSON, LLP
701 Poydras Street, Suite 3800
New Orleans, LA 70139

  COUNSEL FOR DEFENDANTS/APPELLEES

          **AFFIRMED.**
        **JANUARY 15, 2025**

Plaintiff/appellant appeals a judgment confirming a jury verdict that found the defendant not liable for the alleged injuries and damage arising from a motor vehicle accident. For reasons that follow, we affirm the judgment and the trial court's decision disallowing a mistrial.

Plaintiffs, Anthony Gobuzzi ("Gobuzzi") and Dawn Malasovich ("Malasovich") were passengers in a pickup truck when it collided with an 18-wheel tractor-trailer in March 2019. Gobuzzi and Malasovich sued Michael Beals ("Beals"), the driver of the pickup truck, and his insurer. The plaintiffs also sued the tractor-trailer's driver, Earnest Brown ("Brown"); its owner, Hutting Building Products ("Huttig"); and their insurer, Ace American Insurance Company ("Ace"). Gobuzzi and Malasovich settled their claims against Beals and his insurer prior to trial. The remaining defendants (collectively, "Appellees") tried their case to the jury.

Appellant challenges the correctness of the jury's verdict based on the facts and the trial court's failure or refusal to declare a mistrial before the case was submitted to the jury.

***Factual background and procedure below***

1

There are two distinctly different accounts of this motor vehicle accident. The parties agree that the collision occurred on Chef Menteur Highway, eastbound, near Mile Post 90 about 3 p.m. on March 13, 2019. Traffic was highly congested at the location because of another accident farther east on the highway. Brown was driving in the far left lane and Beals' pickup truck was in the next lane to the right. After the contact, Beals and Brown, both turned left onto the I-510 entrance ramp, where Beals followed Brown and flagged him down. Beyond these basic facts, there is a stark contrast in the telling of this tale.

According to Appellant, Beals' truck was at a complete stop when, suddenly and without warning, Brown made a wide, left turn toward the I-510 on-ramp causing his trailer to make contact with Beals' driver-side door, tool box and quarter panel, pushing Beals' vehicle to the right. The force of the impact was sufficient to cause injuries that might require three-level cervical fusion surgery and two-level lumbar fusion surgery.

In Appellees' version of the facts, Brown remained entirely within his lane. In his side-view mirror, he saw Beals' vehicle veering left into his lane. As Beals continued to creep over into Brown's lane, Brown moved left as far as he could until he could not get over anymore. As he continued moving straight in the far left lane towards his anticipated turn onto I-510, Brown heard a screech. The contact between the two vehicles was a minor sideswipe that only damaged Beals' driver-side external mirror and scratched the toolbox that was mounted in Beals' truck bed.

The jury apparently believed Appellee's version of events and rendered a verdict that found Brown had no fault in causing the collision. The trial court

entered judgment accordingly.  From that judgment, Gobuzzi[1] has brought this appeal.

## Discussion

Gobuzzi's assignments of error can be summarized as (1) the verdict and the judgment are contrary to the evidence adduced at trial, and (2) the trial court erred in failing to grant a mistrial when Appellees alluded to the existence of a police report that had been excluded by a ruling on a motion in limine.

### Verdict contrary to evidence

A jury's determination of fact is accorded the highest level of deference on appeal.  Only a finding of manifest error justifies the reversal of the jury's verdict. In *Bonin v. Ferrellgas, Inc.,* 2003-3024, p.6 (La. 7/2/04), 877 So.2d 89, 94, the court provided the following guidance on manifest error:

> Under the manifest error standard, in order to reverse a trial court's determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous.

(citing *Stobart v. State through Dept. of Transp. and Development,* 617 So.2d 880, 882.)

Appellees presented photographs of the affected vehicles immediately after the accident.  Brown's testimony (as described above) was simple and straightforward in explaining how the vehicles collided.  When viewed together, a reasonable juror could find that, more likely than not, the collision happened exactly as Brown described it.

---

[1] Malasovich did not appeal the judgment.

3

Based on the record before us, we find no reason to question the rationality of the jury's fact-finding function. We reject Appellant's argument that the jury verdict is inconsistent with the evidence presented at trial.

***Mistrial***

Prior to trial, Gobuzzi filed a motion in limine seeking to exclude evidence of a police report. During the course of the trial, Appellees' counsel and two of Appellees' experts mentioned the police report. None of the contents of the report were disclosed. On each occasion, the trial court admonished counsel against any reference to the existence of the report. After one such incident, the record appears to indicate that Gobuzzi made a motion for mistrial. Whether the motion was made or not is unclear because the transcript does not contain such a motion. However, the trial judge understood that a motion was made because the transcript reflects his denial of the motion. For the purposes of our analysis, we accept that Gobuzzi made a motion for mistrial or that the court considered making it *sua sponte* under the authority granted by La. C.C.P. art. 1631. We hold that the trial court did not abuse its discretion in denying the motion for mistrial, and we affirm the trial court's decision.

Mistrial is a drastic remedy that should not be granted unless an error would deprive a party of any reasonable expectation of a fair trial. *Kullman Firm, APLC. v. Integrated Elec. Techs., Inc.*, 2024-0138, p. 12 (La. App. 4 Cir. 9/27/24), __So. 3d__ WL 4314971 (quoting from *Gotch v. Scooby's ASAP Towing, LLC*, 2019-0030, p. 5 (La. 6/26/19), 285 So.3d 459, 463) the court added

> Pursuant to La. Code Civ. Proc. art. 1631, district courts on their own motion, or on the motion of any party, following a hearing, have vast discretion in determining whether to grant a mistrial, since mistrials are not a matter of right. Therefore, appellate courts may not disturb a

4

district court's denial of a motion for mistrial absent a showing of an abuse of that discretion.

*Kullman*, 2024-0138, at p. 12.

In the case before us, the utterance of the words "police report" may have been prejudicial. However, the trial court is in a superior position to determine whether the prejudice, if any, was sufficient to deprive Gobuzzi of any "reasonable expectation of a fair trial." There is no evidence in the record that convinces this court that the trial court abused its discretion.

## *Conclusion*

The evidence at trial supports the jury's verdict sufficiently to persuade a rational fact finder that Brown did not cause the collision at issue. The record does not reveal evidence that the impermissible utterance of the words, "police report," should have resulted in a mistrial. Therefore, we affirm the judgment of the trial court.

**AFFIRMED**.